UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Richardson Miles Hanckel, III,<br><br>                    Debtor. | Case No. 12-04936-dd<br>Chapter 7<br><br>**ORDER GRANTING TRUSTEE'S AMENDED APPLICATION TO EMPLOY** |

THIS MATTER is before the Court on the chapter 7 trustee's ("Trustee") Amended Application to Employ Andrew K. Epting, Jr., LLC, as Special Counsel. Debtor Richardson Miles Hanckel, III ("Debtor") and interested party R.M. Hanckel, Jr. (together, "the Hanckels") objected to the application, and the Court set a hearing on the matter for September 23, 2014. After careful consideration of the applicable law, arguments of counsel, and evidence submitted, the Trustee's application is granted.

**FACTS AND PROCEDURAL HISTORY**

The facts underlying the adversary proceeding Special Counsel pursued on behalf of the Trustee are more thoroughly set out in this Court's May 28, 2014 Order filed in *Campbell v. Hanckel et. al. (In re Hanckel)*, Adv. No. 12-80247-dd (No. 105). As is relevant here:

The Debtor filed for protection under chapter 7 of the Bankruptcy Code on August 9, 2012. Roughly three months later, creditors Potts Family Properties, LP, Sportman's Island, LLC, and Steven Potts (together, "the Potts creditors") initiated an adversary proceeding against the Debtor by filing a complaint alleging, among other things, that the Debtor fraudulently transferred his interest in a business prior to the filing of the bankruptcy and that the interest was recoverable under 11 U.S.C. §§ 544, 548 and 550. The Potts creditors were represented by

1

Andrew K. Epting.[1] At the status hearing held March 12, 2013, the Court noted that these causes of action were property of the estate and thus could only be brought by the Trustee. Epting and the Trustee agreed, and represented to the Court that they had already discussed substituting the Trustee as plaintiff in the adversary proceeding. The Trustee asserted that he was planning to employ Epting as special counsel to pursue the litigation.

The Trustee applied for authorization to employ Epting as special counsel on April 5, 2013, for services to "include, but … not … limited to the following: Investigate the Estate's interest in the Debtor's trusts and various entities to determine the Trustee's legal rights." Without objection, the Court granted that application on April 17, 2013. The Court authorized the Trustee to employ Epting "to investigate the Estate's interest in the Debtor's trusts and various entities to determine the Trustee's legal rites [sic]."

A motion to amend the complaint and substitute the Trustee as plaintiff was filed July 9, 2013. The motion to amend the complaint was granted without objection on August 15, 2013. Despite not objecting to the motion to amend the complaint and application to employ Epting, the Hanckels repeatedly expressed concerns throughout the course of the adversary proceeding with the employment of Epting and the role of the chapter 7 trustee. They did not, however, file any formal objections or requests to limit Epting's role or disqualify him as counsel.

The Court granted summary judgment in favor of the Trustee on May 28, 2014, ruling that he could avoid the Debtor's transfer pursuant to the Trustee's powers under 11 U.S.C. § 544. The Hanckels appealed on June 6, 2014. Notice of Appeal from Bankruptcy Court, *Hanckel v. Campbell*, No. 2:14-cv-02898-RMG (D.S.C. July 21, 2014) (No. 1). The Trustee then filed an amended application concerning Epting's employment, stating he sought, "[o]ut of an abundance

---

[1] Although the Court uses the past tense to describe this representation, it is unclear, as discussed below, whether Epting continues to represent the Potts creditors.

of caution, and to the extent not covered by the previous authorization to employ" to employ Epting to

> [i]nvestigate, negotiate, and litigate … the Estates [sic] interest … to represent the Estate in any appeal of the matter; to take all actions to determine value, collect and enforce this interest; and the enforcement and collection of any judgments that might be obtained against third parties and Hanckels related to this interest.

The Hanckels object to the amended application, arguing that Epting's previous representation of the Potts creditors created an actual conflict disqualifying him from representing the Trustee.[2] The Hanckels further argue that Steven Potts believes Epting still represents the Potts creditors, and that simultaneous representation of both a creditor and the chapter 7 trustee is barred by precedent in our circuit. The Trustee responds that the evidence demonstrates that the Potts creditors are not currently represented by Epting, and that employment is proper because there is no actual conflict.

As to the dispute concerning Epting's ongoing relationship to the Potts, the Hanckels and Trustee point to conflicting deposition testimony of Steven Potts. First, when questioned by counsel for the Hanckels:

> Q. Your claim is still pending in bankruptcy, in the bankruptcy proceeding. Correct?
> A. Yes.
> Q. This is what's called an adversarial[3] proceeding, which is technically separate from the bankruptcy claim. Correct?
> A. As I understand it.
> Q. The formal plaintiff in the adversarial proceeding is Kevin Campbell. The case was initially filed as Potts, et al., versus Milo Hanckel. Correct?
> A. As far as I know.
> Q. But your claim is still proceeding in the bankruptcy case depending on what assets the trustee is able to locate?
> A. That's the way I understand it.

---

[2] In light of the Hanckels' objection to the Trustee's amended application to employ Epting, the Trustee filed a motion in the district court requesting that the appellate briefing schedule be stayed pending this Court's ruling on the amended application to employ. Judge Gergel granted that motion on August 29, 2014.

[3] The use of the adjective is common but in error. The Bankruptcy Rules nomenclature is "adversary proceeding" (a separate lawsuit within a bankruptcy case). *See* Fed. R. Bankr. P. 7001.

> Q. And the Epting firm is still representing you in the bankruptcy case. Correct?
> A. Correct.
> Q. And they've always represented you in the bankruptcy case?
> A. Correct.

Potts Dep. 37:19 – 38:16. Then later, when questioned by Epting:

> Q. Do you have any idea what the relationship is that we have with you versus the representation of the trustee, or were you speaking – What you're going to get paid, you understand you're going to get paid out of this bankruptcy?
> A. Well, all of the correspondence and all the communications that we had was based on the bankruptcy leading up to what the judgment was for me. And you made it very clear to me that your role has changed, and our communication has been extremely limited, which has been frustrating on my part, as you know, because you're not basically giving me any information.
> Q. And you have no fee agreement with us after we signed on as the trustee's counsel?
> A. No.

Potts Dep. 77:25 – 78:16.

The Court heard argument on the amended application and objection on September 23, 2014, then took the matter under advisement.

## **DISCUSSION**

Section 327 of the Bankruptcy Code governs the trustee's employment of professionals, including attorneys. Ordinarily, the trustee has wide latitude to choose a qualified or "proper" attorney. *Kanter v. Robertson*, 102 F.2d 92, 93 (4th Cir. 1939). This latitude, however, is necessarily limited in bankruptcy due to the trustee's fiduciary role of marshalling assets and administering the estate. Thus, § 327(a) provides that the trustee may only employ professionals that are (1) disinterested and (2) do not hold or represent interests adverse to the estate. *In re Harold & Williams Dev't Co.*, 977 F.2d 906, 909 (4th Cir. 1992). The trustee is required to seek the court's authorization before employing professionals.

The Code defines a person as "disinterested" if that person

> (A) is not a creditor, an equity security holder, or an insider;
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). Although the Code does not define "adverse interests," most courts have held that a person holds an adverse interest if he or she (1) holds or asserts an economic interest that would reduce the value of the estate or give rise to an actual dispute with the estate, or (2) possess a bias against the estate. *Johnson v. Richter, Miller & Finn (In re Johnson)*, 312 B.R. 810, 819, n.7 (E.D. Va. 2004) (collecting cases). These requirements are "stringent." *Johnson*, 312 B.R. at 819.

By its plain terms, § 327(a) would potentially bar many professionals from representing a trustee if that professional currently represents or had represented a creditor of the estate. As current or previous representatives of creditors, i.e., parties that are currently in or have previously negotiated with the debtor and are now seeking recovery from the estate, these professionals would necessarily appear to have a bias against the estate, and may appear to have an adverse interest – regardless of whether a bias or adverse interest exists. 3 Collier on Bankruptcy ¶ 327.04[7][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *see also Johnson*, 312 B.R. at 820 - 21. Congress created an exception to § 327(a)'s general rule in subsection (c), which provides that a professional person is not disqualified "solely because of such person's employment by or representation of a creditor."[4] Instead, a court must consider the

---

[4] The initial version of this Code section permitted the trustee to employ an attorney that had previously represented a creditor only if the attorney no longer represented the creditor in the bankruptcy. 11 U.S.C. § 327(c) (1978). Congress eschewed this approach with its 1984 amendments to the Code that removed the language "but may not, while employed by the trustee, represent, in connection with the case, a creditor." Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98-353, § 430, 98 Stat. 333 (1984); *Johnson*, 312 B.R. at 819 n.9; *see also In re Lee Way Holding Co.*, 102 B.R. 616, 621 (S.D. Ohio 1988).

specific facts of the case and the representation, and determine whether an "actual conflict" exists. *Johnson*, 312 B.R. at 820.[5]

The Code does not define what constitutes an "actual conflict," and courts "have been accorded considerable latitude in using their judgment and discretion in determining whether an actual conflict exists." *In re BH & P Inc.*, 949 F.2d 1300, 1315 (3d Cir. 1991) (citations omitted). Generally, when an actual conflict exists there is "active competition between two interests, in which one interest can only be served at the expense of another." *Johnson*, 312 B.R. at 822. Actual conflicts arise when (1) the interests of the trustee and the creditor are in direct conflict or (2) the creditor is receiving a preference denied to the other creditors. *In re Worldwide Wholesale Lumber, Inc.*, 364 B.R. 197, 203 (Bankr. D.S.C. 2006). The conflict must be direct and actual; a court should not disqualify an attorney solely because there is an appearance of a conflict. *In re Pillowtex, Inc.*, 304 F.3d 246, 251 (3d Cir. 2002). The burden of proving an actual conflict lies on the objecting party. *Worldwide Lumber*, 364 B.R. at 203 (citations omitted).

Thus, for example, when counsel represented both the chapter 7 trustee in four related bankruptcy cases and a creditor seeking recovery from only one of the four estates, there was an actual conflict because counsel was recovering both a fee from representing the four estates, and a contingency fee for the assets recovered from one of the estates for the benefit of the creditor. *Winship v. Cook (In re Cook)*, 223 B.R. 782, 789 - 90 (B.A.P. 10th Cir. 1998). Counsel was incentivized to administer the related debtors' assets through one case over the others, thereby giving the creditor preferential treatment, and creating a windfall for himself. *Winship*, 223 B.R.

---

[5] The Court is cognizant of the fact that, as the Hanckels cite in support of their argument, there is a Fourth Circuit case that appears to assert that the rule barring simultaneous representation is still in place. *In re Harold & Williams Dev't Co.*, 977 F.2d 906, 909 (4th Cir. 1992) ("[A court] may only approve the employment of a professional who has represented a creditor of the estate if that person no longer represents the creditor in connection with the bankruptcy case, § 327(c)."). The issue in *Harold & Williams* was whether there was a per se rule against one person serving as both attorney and accountant for a debtor in possession. This case did not require interpretation of § 327(c), nor, aside from one sentence fragment, does the court discuss the subsection. The statement is dicta. It runs contrary to much of the case law interpreting the statute subsequent to the 1984 amendment.

6

at 790. Similarly, a court held that an actual conflict existed between a law firm applying to represent a debtor in possession when the law firm had received potentially preferential payments, and the firm did not waive its claim prior to applying for employment. *Pillowtex*, 304 F.3d at 253. In both cases, there existed an actual possibility that counsel, as both a creditor of the estate and a representative of the debtor in possession[6], would provide a creditor with preferential treatment. This creates an actual conflict.

In contrast, courts have routinely found that when the interests of the creditor and the trustee coincide, and there is no threat of preferential treatment, there is no actual conflict barring representation. Most frequently, courts permit simultaneous representation when the current representation is of a creditor, the purpose of representing the trustee is to recover an asset related to that creditor, and there is no avenue for the counsel to manipulate the case in a way that would favor the creditor. *See e. g., Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993). The shared goal of enlarging the estate, without the specter of preference for the creditor, means there is no actual conflict. *Johnson,* 312 B.R. at 822. All creditors share in the gain.

The Court views the fact scenario before it as falling into the latter category of cases rather than the former. Epting represented the Potts creditors, and was employed by the Trustee as special counsel to pursue an asset about which he had superior knowledge due to his representation of the Potts creditors. His representation of the Trustee assisted the Trustee in recovering the asset for the estate. His continuing representation in the matter while it is on appeal furthers the Trustee's goal of recovering the asset. The Hanckels did not present any evidence that Epting's representation will lead to the Potts creditors receiving preferential

---

[6] Debtors in possession have many of the same duties and responsibilities as a trustee; both serving as fiduciaries. *See* 11 U.S.C. § 1107(a); *In re J.T.R. Corp.*, 958 F.2d 602, 604 – 05 (4th Cir. 1992) ("The debtor-in-possession is a fiduciary and owes the same duties as a trustee."). For the purpose of discussing professional employment, the two are the same.

treatment over other creditors, or that the Potts creditors' interest in recovering the asset was or is adverse to the Trustee's interest. In other words, the interests of the Trustee and the Potts creditors are completely aligned. The Hanckels did not meet their burden of proving an actual conflict.

At the hearing, the Hanckels' counsel made much of the fact that Mr. Potts stated at his deposition that he and the Potts creditors were still represented by Epting. It is not necessary to resolve this issue as the current status of Epting's representation of the Potts creditors is irrelevant. True, if Epting does not represent the Potts creditors, then the analysis as to whether there is an actual conflict is simpler. But given that there is no actual conflict even if Epting does represent the Potts creditors, the Court need not decide how Potts' contradicting testimony should be interpreted.

## CONCLUSION

For the reasons set forth, the Hanckels' objection to the Trustee's Amended Application for Employment is overruled, and the Amended Application is granted.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**09/30/2014**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 10/01/2014

8